IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

  -against-

$94,132.34 FORMERLY ON DEPOSIT
AT J.P. MORGAN CHASE BANK
ACCOUNT NUMBER 3874210889,
HELD IN THE NAME OF C & E TRADING
OF MIAMI, INC. D/B/A ZBIKEWEAR,

        Defendant In Rem

VERIFIED CLAIM
1:11-cv -04121-ENV
(Vitaliano, J)
(Reyes, M.J.)

### CLAIMANTS' ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT FOR FORFEITURE IN REM AND DEMAND FOR JURY TRIAL

Claimant, C & E Trading of Miami, Inc. D/B/A Zbikewear, a Florida Corporation, files its Answer and Affirmative Defenses to the Verified Complaint for Forfeiture In Rem and Demand for Jury Trial and states:

1. Claimant admits that the case is a civil action in rem to forfeit to the United States the property identified in the style of the case. Claimant does not have sufficient knowledge with regard to the other allegations of this paragraph, and therefore denies.

### JURISDICTION AND VENUE

2. Claimant admits that the United States purports to bring an action under 28 U.S.C. §1345 and §1355, and that under 28 U.S.C. §1345 and §1355, this Court has subject matter jurisdiction to hear suits brought under federal law.

3. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3, and therefore denies.

## THE DEFENDANTS IN REM

4. Claimant admits that $94,132.34 held in the account of C & E Trading of Miami, Inc. D/B/A Zbikerwear was seized.

## STATUTORY BACKGROUND

5. Claimant admits that the United States accurately represents 18 U.S.C. § 981(a)(1)(A).

6. Claimant admits that the United States accurately represents 21 U.S.C. § 881(a)(6).

7. Claimant admits that the United States selectively represents the language in 31 U.S.C. § 5317(c)(2), but denies that paragraph 7 fully and accurately quotes 31 U.S.C. § 5317(c)(2).

8. Claimant admits that the United States selectively represents the language in 18 U.S.C. § 984, but denies that paragraph 8 fully and accurately quotes 18 U.S.C. § 984.

## MONEY LAUNDERING

9. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9, and therefore denies.

10. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10, and therefore denies.

11. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 11, and therefore denies.

12. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12, and therefore denies.

13. Claimant lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 13, and therefore denies.

14. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14, and therefore denies.

## BANK SECRECY ACT

15. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15, and therefore denies.

16. Claimant admits that a specific section of 31 U.S.C. § 5313 et. seq. requires that an institution file a Currency Transaction Report ("CTR") for cash transactions involving an amount greater than $10,000, but denies the remaining allegations in paragraph 16.

17. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17, and therefore denies.

18. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18, and therefore denies.

19. Claimant admits that under 31 U.S.C. § 5331 any trade or business that receives more than $10,000 in U.S. currency or money orders, in one or more related transactions, is required to file a form with the IRS. Claimant lacks sufficient information and knowledge regarding the remaining allegations in paragraph 19, and therefore denies.

20. Claimant admits the allegations in paragraph 20.

21. Claimant admits that it is a supplier of custom and semi-custom cycling and triathlon apparel and that its business and business accounts are domiciled in Florida. Claimant denies the remaining allegations in paragraph 21.

22. Claimant denies the allegations in paragraph 22 and states that transactions were never structured in its bank account.

23. Claimant denies the allegations in paragraph 23.

24. Claimant denies the allegations in paragraph 24.

25. Claimant denies the allegations in paragraph 25.

26. Claimant denies the allegations in paragraph 26.

27. Claimant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 27, and therefore denies.

## FIRST CLAIM FOR RELIEF
### (Property Involved in Money Laundering)

28. Claimant realleges and incorporates his responses to the allegations in paragraphs 1 through 27 as his response to paragraph 28.

29. Claimant denies the allegations in paragraph 29.

30. Claimant denies the allegations in paragraph 30.

## SECOND CLAIM FOR RELIEF
### (Property Involved in Structuring)

31. Claimant realleges and incorporates his responses to the allegations in paragraphs 1 through 27 as his response to paragraph 31.

32. Claimant denies the allegations in paragraph 32.

33. Claimant denies the allegations in paragraph 33.

## THIRD CLAIM FOR RELIEF
### (Property Traceable to Sale of Controlled Substance)

34. Claimant realleges and incorporates his responses to the allegations in paragraphs 1 through 27 as his response to paragraph 34.

35. Claimant denies the allegations in paragraph 35.

36. Claimant denies the allegations in paragraph 36.

## AFFIRMATIVE DEFENSES

### First Affirmative Defenses

Claimant is innocent owner and its interests are protected from forfeiture by 18 U.S.C. §983(d)(1) which provides that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute."

### Second Affirmative Defense

The Plaintiff's claims are barred by in whole or in part by the doctrine of estoppel.

### Third Affirmative Defense

Claimant acted in good faith at all times relevant to the Complaint.

### Fourth Affirmative Defense

The Plaintiff's seizure of the funds at issue violates Claimant's Fourth Amendment right to be free from illegal searches and seizures.

### Fifth Affirmative Defense

The Plaintiff is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading or incomplete allegations.

### Sixth Affirmative Defense

The property at issue is neither the proceeds of illegal activity; nor has a sufficient nexus to any alleged illegal activity to be subject to forfeiture; nor was acquired with the proceeds of illegal activity.

### Seventh Affirmative Defense

The plaintiff lacks probable cause for the institution of the forfeiture suit.

**Eight Affirmative Defense**

The Plaintiff cannot obtain a forfeiture judgment because it has not acted in good faith.

**Ninth Affirmative Defense**

The effect of the forfeiture of the $94,132.34 on the Claimant is grossly disproportionate to any fault, if any, on the part of Claimant.  The Claimant is a victim and the forfeiture of these funds only serves to damage the Claimant, and not the wrongdoers of the offense giving rise to the forfeiture.

**RESERVATION OF RIGHTS**

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

**Claimant's Demand for Jury Trial**

Claimant hereby demands a trial by jury of all issues so triable.

**WHEREFORE**, having fully answers Plaintiff's Complaint, Claimant prays as follows:

A.	That Plaintiff's Complaint and each purported cause of action set forth therein be dismissed with prejudice;

B.	That Claimant be awarded his costs of suit incurred herein;

C.	That Claimant be awarded his reasonable attorneys' fees incurred herein; and

D.	That Claimant be granted such other and further relief as this Court deems necessary and appropriate.

Dated: March 8, 2012

                    Respectfully submitted,

                    /s/ Adam Schwartz
                    Adam Schwartz
                    Florida Bar No. 83178
                    E-mail: aschwartz@carltonfields.com
                    CARLTON FIELDS
                    4221 W. Boy Scout Blvd.
                    Suite 1000
                    Tampa, Florida 33607-5780
                    Telephone: (813) 223-7000
                    Facsimile: (813) 229-4133
                    Attorneys for Defendant Cesar Insignares

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2012, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF, which will then serve all parties in the case using CM/ECF.

                    /s/ Adam Schwartz